UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAM & REALTY, LLC, | ) | No. 10 B 52220 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

### FINAL PRETRIAL ORDER

This matter is set for a combined hearing at the United States Courthouse, 219 South Dearborn Street, Courtroom 613, Chicago, Illinois, on February 24, 2011, at 9:30 a.m. on the motions of Inland Bank & Trust (1) to dismiss the case and (2) to excuse compliance with section 543. At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

1. **Continuances.** The hearing date is firm. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least ten (10) days before the hearing date.

2. **Discovery.** No party has expressed a desire for discovery. Discovery is closed.

3. **Pleadings and Dispositive Motions.** No party seeks to file any dispositive motions.

4. **Exhibits and Exhibit Lists.** Ten (10) days before the hearing date, the parties must exchange copies of all exhibits to be introduced into evidence. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at trial. Each document must be given a separate exhibit number.

In addition to the exhibits, the parties must exchange a list of the numbered exhibits. Next to each exhibit a brief description of each exhibit must be provided.

Demonstrative exhibits that the parties intend to use at trial must also be marked, included on the exhibit lists, and exchanged twenty-one (21) days before the trial date.

The exhibit list must be filed with the court, and one (1) set of the exhibits

and one (1) copy of the exhibit list must be submitted to chambers on the date the list is filed. *If a party lists more than ten (10) exhibits, the exhibits themselves must be submitted in one or more three-ring binders, and the exhibits must be tabbed. Group exhibits must be sequentially paginated by Bates stamp or some comparable method.*

If no written objection to an exhibit is filed with the court and tendered to the proponent within five (5) days of the receipt of the proposed exhibit, the exhibit will be deemed admitted into evidence. A specific ground must be stated for each objection or the objection will be deemed waived. Demonstrative exhibits will be deemed admitted "as "demonstrative only."

**5. Witnesses and Witness Lists.** Ten (10) days before the hearing date, all parties must exchange and file with the court a list of all witnesses they intend to call at the hearing, together with a brief description of the subject matter of the witness's testimony.

One (1) copy of the witness list must be submitted to chambers on the filing date.

**6. Trial Briefs.** No later than seven (7) days before the hearing date, each party must file a trial brief on Inland's motion to dismiss. The subject of the brief is limited to the question of whether the debtor is reasonably likely to be able to propose a confirmable plan of reorganization. No other questions should be addressed or briefs filed. The page limit is fifteen (15) pages.

**7. Compliance with this Order.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

    a.    Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

    b.    Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

    c.    Failure to file a trial brief will bar a party from presenting any witnesses or introducing any evidence at the hearing relating to

Inland's motion to dismiss. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

Dated: February 7, 2011

_____
A. Benjamin Goldgar
United States Bankruptcy Judge